UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ALEX LOVELACE and HORANE　　　　　　　 :
WILLIAMS, on behalf of themselves and all　 :
other persons similarly situated,　　　　　　　 :　　18-cv-6892 (DLI)(ST)
　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　Plaintiffs,　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　 :
　　　-against-　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　 :
LAND APPLIANCE SERVICES, INC., HAL　　 :
GORDON, and IRA GORDON,　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　Defendants.　　　　　　 :
---------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR CONDITIONAL FLSA CERTIFICATION**

CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendants
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410

## TABLE OF CONTENTS

**Page**

# Contents

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................... 1

STATEMENT OF FACTS .................................................................................................................... 2

    1.     The Parties ................................................................................................................ 2

    2.     Plaintiffs' declarations ............................................................................................. 3

ARGUMENT .......................................................................................................................................... 4

    1.     216(b) Standard ........................................................................................................ 4

    2.     Conclusory affidavits are insufficient ..................................................................... 7

    3.     Plaintiffs' declarations are insufficient .................................................................. 9

CONCLUSION .................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ali v. New York City Health and Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ................................................................. 8

*Barfield v. New York City Health and Hospitals Corp.*, No. 05 Civ. 6319, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) ................................................................. 8

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ................................... 7

*Davis v. Lenox Hill Hosp.*, No. 03-CV-3746 (DLC), 2004 WL 1926086 (S.D.N.Y. Jan. 8, 2010 ............................................................................................................. 5

*Feng v. Hampshire Times*, No. 14-CV-7102 (SHS)(JLC), 2015 WL 1061973 (S.D.N.Y. Mar. 11, 2015) ........................................................................................ 6

*Flores v. Osaka Health SPA, Inc.*, No. 05 Civ. 962(VM)(KNF), 2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) ........................................................................................ 9

*Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518 (JMF), 2014 WL 1807105 (S.D.N.Y. May 7, 2014) ......................................................................................... 6

*Giurovich v. Emmanuel's Marketplace*, Inc., 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ............................................................................................................ 6

*Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) ..................................... 5

*Guo v. Tommy's Sushi Inc.*, No. 14 CIV. 3946 PAE, 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ................................................................................................ 7

*Hoffman v. Sbarro*, 982 F. Supp. 249 (S.D.N.Y. 1997) ............................................................... 5

*Levinson v. Primedia Inc.*, No. 02 Civ. 2222, 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) ............................................................................................................ 8, 9

*Levinson v. Primedia Inc.*, No. 02-CV-2222(CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) ............................................................................................ 6

*Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ........................................................................................... 5

*Mata v. Foodbridge LLC*, 2015 WL 3457293 (S.D.N.Y. June 1, 2015) ....................................... 9

*Morales v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) .......................................................................................................................... 6

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir.2010) ........................................................................... 4

*Nahar v. Dozen Bagels Co. Inc.*, No. 15-CV-1613 (ALC)(FM), 2015 WL 6207076 (S.D.N.Y. Oct. 20, 2015) .............................................................................................. 5

*Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322 (SJ)(MDG), 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) ....................................................................................................... 6

*Romero v. H.B. Auto. Grp., Inc.*, No. 11-CV-386 (CM), 2012 WL 1514810 (S.D.N.Y. May 1, 2012) .......................................................................................................... 6

*Sanchez v. JMP Ventures*, L.L.C., No. 13-CV-7264 (KBF), 2014 WL 465542, at * 1 (S.D.N.Y. Jan. 27, 2014) ....................................................................................................... 5

*Taveras v. D & J Real Estate Mgmt. II*, LLC, 324 F.R.D. 39, 45 (S.D.N.Y. 2018) ........................ 7

**STATUTES**

29 U.S.C. § 216(b) ......................................................................................................................... 4

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to Plaintiffs' motion for conditional FLSA certification of a class of "all drivers/installers."

Plaintiffs' papers do not support conditional certification of this broadly-defined class. The record evidence conclusively shows that the FLSA violations of which Plaintiffs complain are not the result of common practices applicable to all Defendants' drivers/installers. Defendants' papers include declarations from drivers/installers, as well as supporting time cards and payroll records. This evidence establishes conclusively that Defendants' declarants punched in and out for their weekend work, were paid their overtime premiums at time-and-a-half, and that Defendants did not interfere with the declarants' lunch breaks.

Plaintiffs' contend that their personal circumstances were different from Defendants' declarants. Plaintiffs allege they were made to work "off the clock," i.e, that they were forbidden from punching on Saturdays and that they were mandated to work through their lunch hours without pay. Plaintiffs also allege they were paid only straight time for their overtime hours, as opposed to time-and-a-half.[1]

Defendants vigorously dispute Plaintiffs' substantive allegations, but that is not before the Court on this motion. What matters here is that Plaintiffs have not, because they cannot, shown that their defined class of "all drivers/installers" are "similarly situated" concerning the alleged FLSA violations. Plaintiffs offer nearly identical declarations describing their own alleged

---

[1] Plaintiffs also complain that their pay was subject to certain deductions in violation of the New York Labor Law, but do not allege that these deductions took their pay below FLSA minimum wage. Therefore, these allegations do not state or suggest an FLSA violation.

experiences. And then, in the most vague and conclusory fashion, Plaintiffs claim to know that other unidentified employees of Defendants were subjected to the same alleged FLSA violations.

Plaintiffs' declarations do not satisfy the law of this Circuit regarding 216(b) conditional certification. The courts of this Circuit consistently require an FLSA plaintiff to set forth the "who-what-when-where-and-why" that support their own conclusions as to how others were paid. Plaintiffs' declarations offer only conclusory assertions of observations and conversations with unidentified coworkers—which the courts have routinely found insufficient for conditional certification under the FLSA. Plaintiffs do not specify when and where any of these conversations took place, or even with whom. Plaintiffs do not provide any detail concerning these conversations. Therefore, Plaintiffs' bare-bones declarations do not suggest the alleged pay practices concern anyone other than Plaintiffs themselves. Moreover, Plaintiffs' supposition about how others were paid is contrary to the record evidence that conclusively shows the alleged pay practices were not applicable to "all drivers/installers."

As explained further herein, the Court should therefore deny this motion in its entirety.

## STATEMENT OF FACTS

**1. The Parties**

Defendants operate an appliance business located at 5725 Foster Avenue, Brooklyn, New York. (Ex. A, ¶6). Plaintiff worked as drivers/installers, whose duties involved loading, delivering and installing appliances. (Ex. A, ¶27-28).

A number of Defendants' drivers/installers, Bryant Armstead and Barry Ruebin, provided declarations describing their hours and pay. (Exs. B and E). Armstead and Ruebin declare that, like Plaintiffs, their duties involve the pick-up, delivery and installation of refrigerators and

2

stoves. (Ex. B, ¶2; Ex. E, ¶1). Armstead and Ruebin, however, describe being subject to materially different pay practices to those complained of by Plaintiffs in this action.

For example, Armstead and Ruebin each state (1) they are paid for their overtime hours at time-and-a-half, not straight time, (Ex. B, ¶11; Ex. E, ¶5); (2) they are permitted to take their full lunch break without interruption or complaint from Defendants, (Ex. B, ¶¶8-9; Ex. E, ¶¶4, 6); (3) that they punch in and out on the infrequent occasions that they work on Saturdays, (Ex. B, ¶10; Ex. E, ¶8); (4) they have never been asked or instructed to work off the clock, (Ex. B, ¶10; Ex. E, ¶7); and (5) they have been paid for all their hours worked (Ex. B, ¶11; Ex. E, ¶5). Time cards and payroll records corroborate that Armstead and Ruebin punched in and out on Saturdays and were paid at time-and-a-half for their overtime hours. (Ex. D; Ex. G). Additionally, each signed written acknowledgment of these pay practices. (Ex. C; Ex. F).

2. **Plaintiffs' declarations**

Plaintiffs submit only their own declarations in this motion. Although Plaintiffs claim there were at least ten other drivers/installers during the relevant time period, Plaintiffs offer no statements or evidence from any other driver/installer to support this motion. In their own declarations, Plaintiffs do not, because they cannot, identify any other "similarly situated" driver/installer by name. Plaintiffs do not, because they cannot, describe any oral or written statements from Defendants suggesting that Plaintiffs' allegations relate to generally-applicable pay practices. Rather, Plaintiffs describe their own alleged circumstances, and then give vague and conclusory accounts of observations and conversations, which are summarized as follows:

In nearly identical declarations, Plaintiffs contends that they were forbidden to take a lunch hour because if they stopped their truck for more than fifteen minutes, they would get a call from Defendants to get back to work. (Lovelace Dec. ¶10; Williams, ¶10). Plaintiffs also claim they

were not supposed to punch in when they worked on Saturdays. (Lovelace Dec. ¶12; Williams, ¶12). And Plaintiffs assert they were not paid time and a half for their overtime hours. (Lovelace Dec. ¶14; Williams, ¶14; Lobban ¶14).

As to how these allegations might relate to the other drivers/installers, Plaintiffs say they had conversation with unidentified co-workers as to how Defendants were taking money out their checks and not paying overtime correctly. (Lovelace Dec. ¶12; Williams, ¶21; Lobban ¶21). Plaintiffs offer no particulars concerning these alleged conversations with co-workers. The record is therefore silent as to when these conversations allegedly happened; who participated; and what was the nature of the complaints co-workers had.

Plaintiffs declarations do not establish that any driver/installer (other than Plaintiffs themselves) were subject to the alleged pay practices complained of. The record evidence plainly shows otherwise. And Plaintiffs' declarations do not provide any facts from which the Court could conclude that the alleged pay practices were applicable to all drivers/installers. On the record evidence, the Court should deny Plaintiffs' motion in its entirety.

## ARGUMENT

**1.    216(b) Standard**

Section 216(b) of the FLSA authorizes employees to maintain collective actions where they are "similarly situated" with respect to the alleged violations of the Fair Labor Standards Act. 29 U.S.C. § 216(b); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir.2010). Similarly situated employees must "opt in" to an action by filing a "consent in writing to become ... a party." 29 U.S.C. § 216(b).

The Second Circuit has adopted a two-step method of certification in an opt-in collective action under the FLSA. *Myers*, 624 F.3d at 554-55; *see Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *4 (S.D.N.Y. Jan. 4, 2016) (collecting cases). At the first step, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555. To satisfy their burden at this first step and achieve conditional certification, plaintiffs must make only a " 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.' " *Id.* (*quoting Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ).

"Although the FLSA itself does not define the term "similarly situated," courts require that there be a "factual nexus between the claims of the named plaintiff and those who have chosen [or might potentially choose] to opt-in to the action." *Nahar v. Dozen Bagels Co. Inc.*, No. 15-CV-1613 (ALC)(FM), 2015 WL 6207076, at *2 (S.D.N.Y. Oct. 20, 2015) (*quoting Davis v. Lenox Hill Hosp.*, No. 03-CV-3746 (DLC), 2004 WL 1926086, at *7 (S.D.N.Y. Jan. 8, 2010) (internal quotation marks omitted) ). "The relevant issue is not whether the named plaintiffs and potential opt-in plaintiffs are identical in all respects, but, rather, whether they all allegedly were subject to a common employment policy that violated the FLSA, *Id.* (*citing Hoffman*, 982 F. Supp. at 261).

While only a "modest factual showing" is required, the burden on plaintiffs "is not non-existent and the factual showing, even if modest, must still be based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) (internal citations omitted); *see Sanchez v. JMP Ventures*, L.L.C., No. 13-CV-7264 (KBF), 2014 WL 465542, at * 1 (S.D.N.Y. Jan. 27, 2014) (*citing Romero v. H.B. Auto. Grp., Inc.*, No. 11-CV-386 (CM), 2012

5

WL 1514810, at *10 (S.D.N.Y. May 1, 2012) ) (explaining that "while a plaintiff's 'burden of proof is low, it is not non-existent [and] certification is not automatic.' ") (internal citations and quotation marks omitted); *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (citation omitted). Even at the conditional certification stage, a plaintiff's burden under § 216(b) "cannot be satisfied simply by unsupported assertions," *Myers*, 624 F.3d at 555 (citation omitted), or with "conclusory allegations." *Morales v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying certification where there was no support for plaintiffs' claim that they were similarly situated to other employees other than a "conclusory allegation ... that '[t]here are over 20 current and former employees that are similarly situated to Plaintiffs....'").

To obtain collective certification, Plaintiffs must support their claims "with a factual showing that extends beyond their own circumstances." *See Levinson v. Primedia Inc.*, No. 02-CV-2222(CBM), 2003 WL 22533428, at *1-2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs failed to sufficiently allege that other potential plaintiffs were deprived of minimum wage and overtime compensation). Where the Plaintiffs' declarations are substantially similar in form and substance, "a demonstration of the similarity of circumstances of the existing [P]laintiffs is, of course, insufficient." Id. at *2.

"To meet their burden, Plaintiffs were obligated to provide 'some probative information regarding similarly situated employees such as their names, their duties[,] and their hours worked.' " *Feng v. Hampshire Times*, No. 14-CV-7102 (SHS)(JLC), 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015) (*quoting Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322 (SJ)(MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) ); *Giurovich v. Emmanuel's Marketplace*, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (finding a "factual nexus" between Plaintiff and

6

other current or former employees where Plaintiff identified by name a number of current or former meat department employees who held the same or similar positions as the Plaintiff); see also *Guo v. Tommy's Sushi Inc.*, No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (explaining that "[p]laintiffs' submissions do not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees" and stating that "[w]ithout more detailed factual allegations, the [c]ourt cannot conclude that other current or former employees were similarly situated victims of an illegal plan or policy."). Alternatively, Plaintiffs can meet their burden by providing sufficient details regarding observations or conversations they had with other potential plaintiffs. *See, e.g., Sanchez v. JMP Ventures*, L.L.C., No. 13-CV-7264(KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification where plaintiff provided only "generalized allegations" without "any detail as to a single such observation or conversation").

**2.      Conclusory affidavits are insufficient**

Motions for conditional certification have been denied where the only substantive allegations were nonspecific personal observations and conversations. "When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016); *Taveras v. D & J Real Estate Mgmt. II*, LLC, 324 F.R.D. 39, 45 (S.D.N.Y. 2018) ("Courts in this Circuit often restrict the scope of a proposed collective or deny conditional certification because of a failure to

7

identify other co-workers by name and title, provide the specifics of conversations with those employees, or note details of other employees' working conditions and hours.").

In *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), the Court rejected conditional certification where the plaintiff had made factual allegations about his own underpayment and alleged that those policies were "common practice" at the defendant restaurants based on "observations" and conversations with other employees. The Court denied the motion, noting that because he did not provide "any detail as to a single such observation or conversation, ... the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint." *Id*. (emphasis in the original).

In *Ali v. New York City Health and Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013), the Court denied a motion for conditional certification where the "sole basis" for the plaintiff's belief that others were similarly situated was "conversations with other respiratory therapists," without providing additional information about the conversations or their substance. In *Barfield v. New York City Health and Hospitals Corp.*, No. 05 Civ. 6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005), the Court denied conditional certification where a plaintiff offered "nothing but limited anecdotal hearsay" to support the idea that other nurses were similarly situated. In *Levinson v. Primedia Inc.*, No. 02 Civ. 2222, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003), the Court denied conditional certification to plaintiffs who alleged a companywide policy but "fail[ed] to support this legal conclusion with a factual showing that extends beyond their own circumstances." The Court deemed the plaintiffs' statement that "for many guides, and perhaps most guides, myself included, the monthly compensation that was received was often less than the minimum wage"

8

to be insufficient. *Id*. And in *Flores v. Osaka Health Spa, Inc.*, No. 05 Civ. 962, 2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) ), the court found a Complaint factually insufficient for conditional certification where the plaintiff stated that "it is my understanding that the other massage therapists working my shift did the same" amount of work, without explaining what that understanding was based on. See also, *Mata v. Foodbridge LLC*, 2015 WL 3457293, at *3, 4 (S.D.N.Y. June 1, 2015) (denying conditional certification when plaintiff's "brief declaration" "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions."); *Monzano-Moreno v. Libqual Fence Co.*, No. CV18161(MKB)(AKT), 2019 WL 1333264, at *6 (E.D.N.Y. Mar. 25, 2019)(denying class certification where "the Court does not know where, when or how these observations or conversations occurred").

### 3. **Plaintiffs' declarations are insufficient**

Plaintiffs' declarations provide only allegations that consist of nonspecific personal observations and conversations, failing to provide even a "modest factual showing" that any of Defendants' drivers/installers "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 554–55 (quoting *Hoffman*, 982 F.Supp. at 261). The record evidence demonstrates conclusively that all drivers/installers were ***not*** subject to the alleged pay practices that are the subject of this lawsuit. Armstead and Reubin describe a materially different experience as to their hours and their pay than what Plaintiffs allege. The time and pay records corroborate Armstead's and Ruebin's declarations. Under the above-cited cases, Plaintiff's "observations are too vague and conclusory to demonstrate and any other specific driver/installer is similarly situated to Plaintiffs. Plainly, the record does not support a finding that Plaintiffs are similarly situated to ***all*** drivers/installers.

9

Plaintiffs' motion for conditional certification "cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555. Here, all Plaintiffs has provided is unsubstantiated assertions that provide no credibility to his claim that there are employees of the Defendants who are similarly situated to the Plaintiffs.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiffs' motion in its entirety, grant Defendants' their reasonable attorneys' fees and costs, and award such other and further relief as the Court deems proper and just.

Dated: September 3, 2019
      New York, New York

                                 Respectfully submitted,
                                 CLIFTON BUDD & DeMARIA, LLP
                                 Attorneys for Defendants

By: _____
                                 Arthur J. Robb
                                 The Empire State Building
                                 350 Fifth Avenue 61st Floor
                                 New York, New York 10118
                                 (212) 687-7410