```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
ALEX LOVELACE et al.,                                          :
                                                               :
                              Plaintiffs,                      :     MEMORANDUM & ORDER
                                                               :     ADOPTING REPORT &
                 -against-                                     :     RECOMMENDATION
                                                               :     18-cv-6892 (DLI) (ST)
LAND APPLIANCE SALES, INC. et al.,                             :
                                                               :
                              Defendants.                      :
                                                               :
-------------------------------------------------------------- X
```

**DORA L. IRIZARRY, United States District Judge:**

On December 4, 2018, Alex Lovelace and Horane Williams ("Plaintiffs") filed this action against their employers, Land Appliance Services, Inc., Hal Gordon, and Ira Gordon ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq*. *See*, Complaint ("Compl."), Dkt. Entry No. 1. Plaintiffs allege, *inter alia*, that they neither were paid at the statutory minimum wage rate nor for overtime. *Id*. ¶¶ 56–77. Plaintiffs filed a Motion to Certify an FLSA Collective Action (the "Motion") on July 26, 2019, which was referred to the Hon. Steven Tiscione, U.S. Magistrate Judge, on August 2, 2019. Dkt. Entry No. 21.

By a Report and Recommendation ("R&R") issued on January 3, 2020, the magistrate judge recommended that Plaintiffs' Motion be granted. *See*, R&R, Dkt. Entry No. 32. Defendants timely objected to the R&R. Objection to R&R ("Objection"), Dkt. Entry No. 33. Plaintiffs timely responded to Defendants' Objection. Reply to Response to Motion, Dkt. Entry No. 34. Upon due consideration and review, for the reasons set forth below, Defendants' objections are overruled and the R&R is adopted in its entirety.

# DISCUSSION[1]

## I. Standard of Review

A motion to conditionally certify a collective action under the FLSA is a non-dispositive pretrial matter. *See*, *Summa v. Hofstra Univ.*, 715 F. Supp.2d 378, 384 (E.D.N.Y. 2010) (citing cases). Accordingly, the Court reviews the magistrate judge's recommendations under the clearly erroneous or contrary to law standard not *de novo*, as Defendants erroneously suggest the Court do. *Id.*; *See also*, *Bijoux v. Amerigroup New York, LLC*, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015). "A finding is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," and an order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorsett v. Cnty. of Nassau*, 800 F. Supp.2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) (internal quotation marks and citations omitted). Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y.2002). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## II. Conditional Certification of a Collective Action Under the FLSA

After carefully and thoroughly reviewing and considering the parties' submissions in connection with the Motion, the magistrate judge recommended that the Court conditionally certify Plaintiffs' proposed collective of "all Drivers who are working or worked for Land Appliance

---

[1] The Court assumes the parties' familiarity with the facts and procedural history of this case as detailed in the R&R at 1–4, which is incorporated herein.

Services during the relevant time period." R&R at 9. Defendants object that the class definition for purposes of sending notice to potential opt-in plaintiffs is overbroad and ". . . the record does not support a finding that Plaintiffs are similarly situated to all drivers." Objection at 9. Defendants also contend that Plaintiffs' factual submissions present an insufficient basis upon which to grant a motion for conditional certification. *Id.* at 7–9. The Court is not persuaded.

In the FLSA context, courts generally conduct the class certification process in two stages. *See*, *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *4 (S.D.N.Y. July 25, 2019) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.2d 317, 321 (S.D.N.Y. 2007). At the first stage, "the court mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, 2019 WL 2166686, at *2 (E.D.N.Y. May 16, 2019) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). At this stage, "the evidentiary standard is lenient," and "plaintiffs need only make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 65 (E.D.N.Y. 2016) (internal quotations and citations omitted). It is at the second step, after the completion of discovery, that the court makes factual findings as to whether the members of the class actually are similarly situated. *Id.*

The magistrate judge properly found that Plaintiffs made the requisite "modest factual showing" that the members of the proposed class are similarly situated based on declarations from the named Plaintiffs as well as another driver employed by Defendants. R&R at 6–7. These declarations, which describe the policies violating the FLSA to which drivers employed by Defendants were subjected, satisfy Plaintiffs' minimal burden at this first stage of conditional

3

certification. Indeed, motions for conditional certification have been granted on less substantial showings in other cases. *See, Romero v. La Revise Associates, LLC*, 968 F. Supp.2d 639 (S.D.N.Y. 2013); *Sharma v. Burberry Ltd.*, 52 F. Supp.3d 443, 452–53 (E.D.N.Y. 2014) (citing cases in which conditional certification was granted on the basis of one employee). At this stage, Defendants' competing declarations are not an appropriate ground upon which to deny Plaintiffs' motion or to further circumscribe the definition of the collective. *See*, *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp.3d 183, 202 (E.D.N.Y. 2015) (declining to weigh defendants' declarations against plaintiff's at initial collective certification stage and citing other cases taking the same approach). Accordingly, Defendants' contention that the R&R rests on an insufficient factual foundation is rejected.

As for Defendants' overbreadth objection, "the relevant question 'is not whether [the] [p]laintiffs and [potential opt-in members are] identical in all respects, but rather whether they were subjected to a common policy.'" *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *4 (S.D.N.Y. July 25, 2019) (quoting *Raniere v. Citigroup Inc.*, 827 F. Supp.2d 294, 323 (S.D.N.Y. 2011), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013); *Accord*, *Agonath v. Interstate Home Loans Ctr., Inc.*, 2019 WL 1060627, at *6 (E.D.N.Y. Mar. 6, 2019) (rejecting overbreadth challenge to definition of conditionally certified class as premature "in light of Plaintiffs' allegations and attestations that 'all loan officers . . . were subject to the same policies and practices.'"). The definition of the collective is cabined to Defendants' employees with roles similar to those of Plaintiffs, and Plaintiffs have satisfied their provisional, minimal burden of showing that members of the proposed collective are similarly situated. A determination of whether opt-in plaintiffs, in fact, are similarly situated to the named Plaintiffs properly is reserved for the second stage of conditional certification, after discovery has been conducted. *Agonath*,

2019 WL 1060627, at *6 (citing *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)).  Accordingly, Defendants' overbreadth objection is overruled.

      Defendants also object to the magistrate judge's recommendations as to the means by which Plaintiffs may contact potential members of the collective, but offer no arguments or authority as to why the recommendations of the magistrate judge on this issue should not be adopted.  *See*, Objection at 1.  These unsupported objections are rejected.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

For the reasons set forth above, the Court finds that the magistrate judge's recommendations are not clearly erroneous or contrary to law. Accordingly, the R&R is adopted in its entirety. As such, Plaintiffs' motion to certify an FLSA collective action is granted and it is ORDERED hereby that:

- Plaintiffs' proposed FLSA collective action is conditionally certified to include all current and former Drivers employed by Land Appliance Services, Inc. at any time on or after December 4, 2015 to the date of the entry of this Order;

- Defendants shall produce the names, mailing addresses, e-mail addresses, telephone numbers, and dates of employment of potential members of the collective action during the period of December 4, 2015 to the date of the entry of this Order;

- Plaintiffs are permitted to mail to all potential members of the collective the forms entitled, "Notice of Lawsuit and Opportunity to Join" and "Consent to Join Collective Action and Become a Party Plaintiff," as modified in the R&R, in English and any other language spoken natively by prospective collective members; and

- Defendants shall post the Notice of Lawsuit and Consent to Join forms conspicuously in an employee common area and shall provide photographic proof of such posting to Plaintiffs in timely fashion.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2020

                                                      /s/
                                     DORA L. IRIZARRY
                                  United States District Judge